UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                Case No. 8:23-cv-02726-WFJ-NHA

ROBERT KING, MYTSOOKO
KING, CITY OF TEMPLE
TERRACE, HILLSBOROUGH
COUNTY, and STATE OF
FLORIDA,

    Defendants.
_____/

## ORDER

I deny without prejudice Plaintiff's motion for entry of Clerk's default against the State of Florida (Doc. 12).

On November 29, 2023, Plaintiff filed this action against Defendants Robert King; Mytsooko King; the City of Temple Terrace, Florida; Hillsborough County, Florida; and the State of Florida, to enforce and to foreclose federal tax liens. Doc. 1. Plaintiff alleges—without identifying the service statute with which it complied—that it served the State of Florida on December 7, 2023 (*see* Doc. 10), and that the State of Florida has failed to timely respond. Doc. 12.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit

or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Federal Rule of Civil Procedure 4(j)(2) governs the service of process on a state or local government. It provides that service must be made by either (A) "delivering a copy of the summons and of the complaint to its chief executive officer"[1] or (B) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." FED. R. CIV. P. (4)(j)(2). In turn, Florida Statutes section 48.121 provides that "[t]he state shall be served on the state attorney or an assistant state attorney for the judicial circuit within which the action is brought *and* by sending two copies of process by registered or certified mail to the Attorney General." (emphasis added).

In moving for Clerk's default, Plaintiff does include any "legal memorandum supporting the request" as required by Local Rule 3.01(a), or

---

[1] The Florida Constitution provides that "[t]he supreme executive power shall be vested in a governor." Art. IV, § 1, Fla. Const.; *see Ayala v. Scott*, 224 So. 3d 755 (Fla. 2017) (showing that, under the Florida Constitution, the Governor is the Chief Executive Officer).

identify the statute by which it believes it effected service of process. The Court, therefore, must surmise Plaintiff's legal support for the relief it seeks.

Plaintiff's method of service does not satisfy Rule 4(j)(2)(A), as it has not served the Governor of Florida. So, Plaintiff appears to travel on Rule 4(j)(2)(B) and its incorporation of Florida Statutes section 48.121.

Plaintiff served an attorney at the Hillsborough County Attorney's Office within the 13th Judicial Circuit of Florida, thereby satisfying the first portion of Florida Statute § 48.121. However, Plaintiff does not demonstrate that it sent two copies of process by registered or certified mail to Florida's Attorney General. Instead, Plaintiff's proof of service indicates that it served Paula Teiss, an agency clerk at the Florida Attorney General's Office, "designated by law to accept service on behalf of the Attorney General."[2] Doc. 10. The process server indicates this method of service on the Attorney General was in accordance with Florida Statutes section 48.091. Doc. 10, p. 3. That section, however, discusses serving the registered agents of Florida corporations. And Plaintiff's motion offers no explanation or citation to explain why this method of service was sufficient notwithstanding its deviation from the language of the Florida Statutes.

---

[2] The process server indicates this method of service on the Attorney General was appropriate, citing Fla. Stats. 48.091. Doc. 10, p. 3. That statute, however, discusses serving the registered agents of Florida Corporations.

3

The Florida Supreme Court has held that, "because of the importance of litigants receiving notice of actions against them, statutes governing service of process are to be strictly construed and enforced." *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001). "Absent strict compliance with the statutes governing service of process, the court lacks personal jurisdiction over the defendant." *Sierra Holding v. Inn Keepers Supply,* 464 So. 2d 652 (Fla. 4th DCA 1985). "The burden of proving the validity of the service of process is on the plaintiff." *Carter v. Lil' Joe Records,* 829 So. 2d 953, 954 (Fla. 4th DCA 2002).

It does not appear that Plaintiff strictly complied with the method of service prescribed by Florida Statutes section 48.121. Thus, the Court is not yet satisfied that Plaintiff properly served the State of Florida in accordance with Federal Rule of Civil Procedure 4(j)(2). For this reason, Plaintiff's motion for Clerk's default against the State of Florida (Doc. 12) is **DENIED WITHOUT PREJUDICE.**

Within 14 days, Plaintiff shall file either:

(1) Proof of service on the State of Florida that complies with the Federal Rules of Civil Procedure, or

(2) An amended motion for Clerk's default that includes a legal memorandum, explaining how its prior method of service on the State of Florida complied with the Federal Rules of Civil Procedure.

**ORDERED** in Tampa, Florida, on January 30, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge