UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                     Case No. 8:23-cv-2726-WFJ-NHA

ROBERT KING, MYTSOOKO KING,
CITY OF TEMPLE TERRACE,
HILLSBOROUGH COUNTY, and
THE FLORIDA DEPARTMENT OF
REVENUE,

      Defendants.
_____/

## ORDER ON MOTION FOR ENTRY OF CLERK'S DEFAULT

The Court grants Plaintiff's Motion for Entry of Clerk's Default against the Florida Department of Revenue (Doc. 32).

### Background

On November 29, 2023, Plaintiff filed this action against Defendants Robert King; Mytsooko King; the City of Temple Terrace, Florida; Hillsborough County, Florida; and the Florida Department of Revenue, to enforce and to foreclose federal tax liens. Doc. 1. Plaintiff alleges that it served the Florida Department of Revenue on February 15, 2024, by serving Eric Peate, the Chief of the General Tax Section in the Office of the General

Counsel within the Florida Department of Revenue. Docs. 25; 32, p. 3. The Florida Department of Revenue had until March 8, 2024 to answer or otherwise respond. *See* FED. R. CIV. P. 12(a)(1)(A)(i). On March 13, 2024, after the Florida Department of Revenue did neither, Plaintiff filed a motion for Clerk's default. Doc. 32.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Federal Rule of Civil Procedure 4(j)(2) governs the service of process on a state-created governmental organization. It provides that service must be made by either (A) "delivering a copy of the summons and of the complaint to its chief executive officer"[1] or (B) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a

---

[1] The Florida Constitution provides that "[t]he supreme executive power shall be vested in a governor." Art. IV, § 1, Fla. Const.; *see Ayala v. Scott*, 224 So. 3d 755 (Fla. 2017) (showing that, under the Florida Constitution, the Governor is the Chief Executive Officer).

2

defendant." FED. R. CIV. P. (4)(j)(2). In turn, Florida Statutes section 48.111 provides:

> In any suit in which the Department of Revenue or its successor is a party, process against the department shall be served on the executive director of the department. This procedure is to be in lieu of any other provision of general law and shall designate said department to be the only state agency or department to be so served.

Fla. Stat. Ann. § 48.111.

Here, Plaintiff's Return of Service (Doc. 25) indicates that, on February 15, 2024, Plaintiff served Eric Peate, the Chief of the General Tax Section within the General Counsel's Office, who accepts service on behalf of the Executive Director. Doc. 32, p. 3; Doc. 36; Doc. 36-1. The Florida Department of Revenue was required to file a responsive pleading within 21 days. *See* FED. R. CIV. P. 12(a)(1)(A)(i). When it failed to do so, Plaintiff timely moved for Clerk's default on March 13, 2024. Doc. 32. Entry of a Clerk's Default is appropriate pursuant to Rule 55(a).

Plaintiff's motion for Clerk's Default (Doc. 32) is GRANTED.

The Clerk is DIRECTED to enter default against the Florida Department of Revenue.

Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's Default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default. judgment.

ORDERED on March 28, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge